LINCOLN V. HORTON (Pending Admission by Pro Hac Vice)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiffs ZURICH AMERICAN
INSURANCE COMPANY, ZURICH AMERICAN
INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

| ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>JW PARKER INC. DBA JW TRANSPORT, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00227<br><br>**COMPLAINT FOR DAMAGES** |
|---|---|

Plaintiffs ZURICH AMERICAN INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS (collectively "Plaintiffs," or "Zurich") bring this action against Defendant JW PARKER INC. DBA JW TRANSPORT, and DOES 1 to 10 (collectively "Defendants" or "JW Transport"), and allege as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiff Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its

principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  Zurich American Insurance Company is authorized to transact business and has transacted business in Bexar County, Texas.

2. Plaintiff Zurich American Insurance Company of Illinois is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  Zurich American Insurance Company of Illinois is authorized to transact business and has transacted business in Bexar County, Texas.

3. Zurich is informed and believes and based on such information and belief alleges that Defendant JW Parker Inc. dba JW Transport is a Texas corporation with a principal place of business located at 17460 Interstate 35 N, # 430-320, Schertz, TX 78154-1243.  JW Parker is authorized to transact business and is transacting business in Bexar County, Texas.

4. The amount at issue in this case is over $75,000.00.

5. This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

6. Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Zurich, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Zurich, and when such true names are ascertained, Zurich will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure.  Zurich is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Zurich, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Zurich.

7.  At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them.  Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

## GENERAL ALLEGATIONS

8.  At Defendants' request, Business Auto Policy no. BAP 7375226-00 (policy period April 17, 2023 to April 17, 2024) was issued by Zurich American Insurance Company to Defendants ("BAP Agreement").

9.  Per the terms of the BAP Agreement, the initial premium paid is a deposit premium based on the estimated exposure at the policy inception related to the insured vehicles/units.  After the end of the policy term, Zurich conducts a "true-up" audit of the actual exposure related to the insured vehicles/units.  If the actual exposure exceeds the estimated exposure then an additional premium is due.  If the actual exposure is less than the estimated exposure then a refund of premium is due.

10. At Defendants' request, Workers Compensation Insurance Policy no. WC 7375221-00 (policy period April 17, 2023 to April 17, 2024) was issued by Zurich American Insurance Company of Illinois to Defendants ("WC Agreement").

11. Per the terms of the WC Agreement, the initial premium paid is a deposit premium based on the insured's estimate of exposure determined by the estimated payroll for each class code used for its workers' job duties.  After the end of the policy term, Zurich conducts a "true-up" payroll audit of the actual exposure related to payroll by class code during the policy term.  If the actual exposure exceeds the estimated exposure then an additional premium is due.  If the actual exposure is less than the estimated exposure then a refund of premium is due.

12. The BAP Agreement and the WC Agreement will be collectively referred to as the "Agreements."

13. After the conclusion of the policy period for the BAP Agreement, Zurich conducted its audit.

14. On or about August 3, 2024, the audit results for the BAP Agreement were issued by Zurich with a demand for payment from Defendants of an additional premium of $141,252.55.

15. After the conclusion of the policy period for the WC Agreement, Zurich conducted its payroll audit.

16. On or about August 3, 2024, the audit results for the WC Agreement were issued by Zurich with a demand for payment from Defendants of an additional premium of $101,174.00.

17. Defendants made no payment for the additional premiums owed for the Agreements after the audit results were issued.

18. On November 21, 2024, Zurich sent a Statement of Account and demand for payment to Defendants for the additional premiums owed for the BAP Agreement ($141,252.55) and WC Agreement ($101,174.00) totaling $242,426.55, plus accrued interest, but the Defendants made no payment.

19. On January 6, 2025, Zurich sent a further Statement of Account and demand for payment to Defendants for the additional premiums owed for the BAP Agreement ($141,252.55) and WC Agreement ($101,174.00) totaling $242,426.55, plus accrued interest, but the Defendants made no payment.

20. Despite follow up efforts by Zurich, neither of the outstanding invoices for the additional premiums owed after audits for the Agreements totaling $242,426.55 have been paid, in whole or in part, by Defendants.

21. As of the filing of the complaint, Zurich is owed $242,426.55 by Defendants for additional premiums after audits pursuant to the Agreements.

///

## FIRST CAUSE OF ACTION

(Breach of Contract for Damages Against All Defendants)

22. Zurich incorporates by reference each and every allegation contained in paragraphs 1 through 21 above, as though fully set forth herein.

23. At Defendants' request, Zurich issued the insurance policies identified as the BAP Agreement and the WC Agreement, and collectively referred to as the Agreements.

24. Zurich fulfilled its contractual obligations to Defendants by providing the insurance coverages set forth in the Agreements.

25. After performing audits required by the Agreements, on or about August 3, 2024 Zurich issued the audit results and demands for payment of additional premiums owed by Defendants pursuant to the Agreements totaling $242,426.55.

26. To date Zurich has not received payment, in whole or in part, from Defendants for additional premiums totaling $242,426.55 that are owed pursuant to the terms of the Agreements.

27. Defendants materially breached the Agreements by failing to pay Zurich the additional premiums totaling $242,426.55.

28. Defendants continue to be in breach of the Agreements by failing to pay Zurich additional premiums totaling $242,426.55.

29. Zurich did not waive or otherwise excuse Defendants' obligations pursuant to the Agreements to pay Zurich additional premiums totaling $242,426.55.

30. As a direct and proximate result of Defendants' breaches of their obligations under the Agreements, Zurich has been damaged in the amount of $242,426.55 for billed but unpaid additional premiums after audits.

31. Zurich seeks and is entitled to obtain a judgment for damages against Defendants according to proof, plus daily pre-judgment interest calculated at the maximum Texas statutory rate allowed, costs of suit, and such other and further relief as the Court deems proper.

WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

1. For damages according to proof at trial.
2. For an award of daily pre-judgment interest.
3. For costs of suit.
4. For such other and further relief as the Court may deem proper.

Bench Trial requested by Zurich.

DATED: February 28, 2025                HORTON VILLAGE LAW GROUP, APC


                                        By: s/Lincoln V. Horton
                                            LINCOLN V. HORTON
                                        Attorneys for Plaintiffs ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS